IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50858
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CONCEPCION GRAJIOLA DE QUINTERO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-7-2
--------------------
May 17, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Concepcion Grajiola de Quintero argues that the evidence is
insufficient to support her convictions for conspiracy to import
marijuana, importation of marijuana, conspiracy to possess
marijuana with intent to distribute, and possession of marijuana
with intent to distribute.  Grajiola contends that the evidence
establishes only that she was a passenger in a marijuana-loaded
van, and that the Government has failed to prove that she knew
that it contained drugs.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Grajiola's argument does not address the fact that two United States Customs Agents testified at trial that Grajiola admitted that she and the driver of the van were being paid seven hundred dollars to bring the van across the border; that they had agreed to split the money; and that she knew that the van must contain drugs, because "nobody would pay you $700 to bring an empty van across."

The agents' testimony is sufficient to support Grajiola's conviction.  See United States v. Dean, 59 F.3d 1479, 1485 (5th Cir. 1995); United States v. Mercado, 888 F.2d 1484, 1491 (5th Cir. 1989); see also United States v. Valencia-Gonzales, 172 F.3d 344, 345 (5th Cir.), cert. denied, 528 U.S. 894 (1999); United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993).  The jury was free to reject Grajiola's explanation and to credit the agents' testimony.  United States v. Freeman, 77 F.3d 812, 816 (5th Cir. 1996).  This court will not substitute its own determination of credibility for that of the jury.  United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992).

AFFIRMED.